**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| PAUL BROWN, #263009, )<br>)<br>                          Petitioner, )<br>)<br>v.                                       )<br>)<br>KENNETH B. WEEDON, and HENRY D. )<br>McMASTER, Attorney General of the State )<br>of South Carolina,                        )<br>)<br>                        Respondents. )<br>_____) | C.A. No.: 3:06-2465-PMD-JRM<br><br>**ORDER** |

Petitioner Paul Brown ("Petitioner"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code Section 2254. This matter has been reviewed by United States Magistrate Judge Joseph R. McCrorey and is currently before the court upon the Magistrate Judge's recommendation that summary judgment be entered in favor of Respondents. The record includes the Report and Recommendation of the Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object in writing to a R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). Petitioner has filed timely objections to the R&R.

**HISTORY OF THE CASE**

In 1999, Petitioner was arrested and charged by the State of South Carolina with criminal sexual assault in the first degree and attempted criminal sexual conduct, as well as two counts of kidnaping and first degree burglary. These charges stemmed from two separate incidents: On March 15, 1999, Petitioner broke into a residence in Hampton County and sexually assaulted the female occupant. On April 21, 1999, Petitioner forced his way into a residence in Allendale County and

1

attempted to sexually assault two females.

At the time of his arrest in 1999, Petitioner had two or more prior convictions for burglary. He was convicted in 1985 in Williamsburg County and again in 1989[1] in Clarendon County for first degree burglary. Because Petitioner had several prior convictions for burglary, Petitioner was subject to South Carolina's "two strikes" provision, which established enhanced penalties for repeat perpetrators of "most serious offenses." *See* S.C. Code Ann. § 17-25-45. The Solicitor filed statutory notice that the State would seek a sentence of life imprisonment without parole ("LWOP") on Petitioner's 1999 burglary charge pursuant to this statute. Following plea negotiations, the State agreed not to seek LWOP, but to allow a concurrent thirty-year cap on Petitioner's Hampton and Allendale County charges to be served concurrently. Accordingly, Defendant pleaded guilty in December of 1999 and received a thirty (30) year sentence for criminal sexual assault in the first degree, with concurrent sentences for kidnaping, first degree burglary and attempted criminal sexual conduct. Petitioner was represented by Steve Plexico at his plea and sentencing. No direct appeal was filed. Petitioner is currently serving his sentence in the Broad River Correctional Institution.

Petitioner filed an application for post-conviction relief ("APCR") on May 12, 2000. An evidentiary hearing was held on December 19, 2001. (App. 59.) Petitioner was represented by Gerald Alan Kelly. The PCR court issued an order of dismissal on February 28, 2002. (App. 116.) A *Johnson* petition for writ of certiorari was filed by the South Carolina Office of Appellate Defense in the South Carolina Supreme Court raising the following issue:

"Whether petitioner's guilty plea complies with the mandate set forth in *Boykin v.*

---

[1] An exhibit to Petitioner's pleading filed May 31, 2007, shows that Brown was granted a new trial on the Clarendon County guilty plea and that he was found guilty by a jury on the burglary charge in 1993.

*Alabama*?"

Petitioner also filed a pro se brief asserting:

1. Ineffective assistance of trial counsel.
2. Defective guilty plea.
3. The PCR court erroneously found that the provisions of [S.C. Code Ann.§] 17-27-45 does not offend the ex-post facto clause.

The petition for writ of certiorari was denied by order of the South Carolina Supreme Court dated April 4, 2003. The remittitur was returned on April 22, 2003.

Petitioner filed a second APCR on September 18, 2003. In this APCR, Petitioner asserted that his counsel for the appeal of his first APCR was ineffective. An evidentiary hearing was held on July 28, 2004. The second PCR court issued an order of dismissal on November 19, 2004, ruling that there was no constitutional right to counsel or the effective assistance of counsel in a collateral proceeding. Counsel filed a *Johnson* petitioner for writ of certiorari presenting the following issue:

> Did the lower court err by finding there is no right to appointed counsel for collateral review of a conviction, that the Sixth Amendment right to effective counsel does not extend to state post-conviction relief actions, that thereby Applicant failed to state a claim upon which relief con be granted in a post conviction relief proceeding and on these grounds dismissing petitioner's application.

Petitioner filed a pro se brief asserting that he received ineffective assistance of counsel prior to and during his guilty pleas because counsel failed to advise him of his right to appeal and that the trial court lacked subject matter jurisdiction to entertain his guilty pleas because the aggravating circumstance of a prior conviction cannot be used as an enhancement unless the facts for such an enhancement are determined by a jury. The South Carolina Supreme Court denied the petition for writ of certiorari on December 6, 2006. The remittitur was returned on December 27, 2006.

On August 24, 2006, Petitioner filed this § 2254 motion to vacate his state sentence. He asserts four grounds for this relief:

3

1. Denial of effective trial counsel in violation of the Sixth and Fourteenth Amendments.
2. Conviction obtained by petitioner's prior, expired conviction had been illegally used to enhance his current sentence, by pleas of guilty which was (sic) unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequence of the plea.
3. Conviction obtained by a violation of the privilege against self-incrimination.
4. Conviction obtained by a violation of the protection against double jeopardy.

On October 31, 2006, Respondents moved for summary judgment on all four grounds. Petitioner has responded to this motion and the matter is ripe for adjudication.

## STANDARD OF REVIEW

### A.   Summary Judgment

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### B.   Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). Courts have held *de novo* review to be unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *See, e.g.*,

*United States v. Mertz*, 376 U.S. 192 (1964); *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)*; Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C. Cir. 1980).

After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

### A.    Habeas Standard of Review

The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim. With respect to those claims adjudicated on the merits by a state's highest court, habeas relief is warranted only if Petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the

5

particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002). "An 'unreasonable application' of federal law is different from an incorrect application of federal law." *Id.*

### B.      Magistrate Judge's R&R

In the R&R, the Magistrate Judge concluded that the court should deny grounds one, two, and three of Petitioner's § 2254 petition on the merits and that the court is procedurally barred from considering ground four and portions of grounds one and three because Petitioner did not raise these arguments before the highest state court.

### I.      Ground One: Ineffective Assistance of Counsel

Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard so as not to "second-guess" the performance. *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

Petitioner asserts the following three ways in which his trial counsel was allegedly

ineffective:

### a.     Failure to object to LWOP

Petitioner first claims that his counsel was ineffective for not moving to prohibit the State from seeking a sentence of LWOP pursuant to South Carolina recidivism statute. S.C. Code § 17-25-45. Specifically, Petitioner asserts that counsel should have objected that the State's using the prior burglary convictions to enhance his sentence was a violation of the holding in *Apprendi v. New Jersey*, which requires "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Plaintiff also asserts that counsel should have objected that the use of convictions occurring prior to the enactment of the two-strike sentencing enhancement was a violation of the *ex post facto* clause. Petitioner asserts that if he had not been threatened with LWOP, he would not have pleaded guilty but would have insisted on proceeding to trial. For this reason, he asserts that his counsel's ineffective assistance prejudiced his defense.

The PCR court addressed and rejected these arguments, finding that "[t]here were no grounds upon which counsel could have made a motion to prohibit the solicitor from seeking life without parole" under the enhancement statute. (App. 119.) The PCR court correctly noted that the "[u]se of pre-1996 convictions for purposes of punishment for life without parole pursuant to § 17-25-45 does not offend the *Ex Post Facto Clause*." (Id. (citing *State v. Jones*, 543 S.E.2d 541 (S.C. 2001).) Accordingly, because LWOP was a real possibility, Petitioner was not unlawfully coerced by the threat of such a sentence. For this reason, the PCR court found that Petitioner had not shown that counsel was in any way deficient in advising Petitioner that he could receive LWOP if he proceeded to trial.

The Magistrate Judge found that the PCR court's determination that trial counsel's performance was not deficient or prejudicial was reasonable and not contrary to Supreme Court precedent. (R&R at 8.)  As more thoroughly discussed in the R&R (which has been incorporated into this order), the PCR court's decision denying this claim was "in accord with Fourth Circuit precedent." (Id.)  The Magistrate Judge also noted that *Apprendi* specifically excludes "the fact of a prior conviction" from the requirement that facts used to enhancement a sentence be proven beyond a reasonable doubt.  (Id. at 9 (citing *Apprendi*, 530 U.S. at 490).)  For these reasons, the Magistrate Judge recommended that Respondents' motion for summary judgment be granted.

Petitioner objects to this recommendation.  He asserts that "trial counsel was in error for failing to challenge the use of those prior convictions to classify the Petitioner as a 'career offender' [because] the prior convictions [are] facially insufficient to satisfy the definition of a 'controlled substance offense.'" (Objections at 4.)  This objection is clearly without merit.  The South Carolina recidivist enhancement is not limited to repeat perpetrators of "controlled substance offenses," but applies to repeat offenders of all "most serious offenses."[2]  By statutory definition, first degree burglary is a "most serious offense;" therefore, Petitioner was subject to the recidivist enhancement due to his 1993 conviction for first degree burglary.  His assertion that he did not commit a "controlled substance offense" is irrelevant to the application of the recidivist enhancement.

---

[2] South Carolina Code Section 17-25-45 provides that "[n]otwithstanding any other provision of law, except in cases in which the death penalty is imposed, upon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has one or more prior convictions for:
  (1) a most serious offense;
  (2) a federal or out-of-state conviction for an offense that would be classified as a most serious offense under this section; or
  (3) any combination of the offenses listed in items (1) and (2) above.

In addition, Petitioner reasserts his argument that "he was misadvised regarding the penalty enhancement value of his prior burglary under 16-11-311(A)(2), and that had he been properly advised, he would not have entered a guilty plea to first-degree burglary." (Objections at 2.) As has been explained by both the PCR court and the Magistrate Judge, Petitioner's prior first degree burglary convictions were an appropriate basis for the State's seeking LWOP pursuant to South Carolina's recidivism statute. S.C. Code § 17-25-45. There was no valid basis whereby counsel could have challenged the requested sentence. It is well-settled that counsel is not ineffective for failing to file non-meritorious motions. As such, counsel accurately advised Petitioner that he could receive LWOP if he proceeded to trial in this case. The court therefore finds that the PCR court's dismissal of Petitioner's ineffective assistance of counsel claim was in accord with federal law.

    **b.**  **Failure to object to LWOP enhancement based on lack of counsel for prior convictions**

In his response to Respondents' motion for summary judgment, Petitioner argues for the first time that he had not been represented by counsel on the prior burglary convictions which were the basis of the noticed LWOP enhancement. For this reason, he asserts that his counsel was ineffective for not arguing that these convictions could not be the basis of an enhancement. In response to this argument, the Magistrate Judge noted that Respondents present evidence indicating that Petitioner was, in fact, represented by counsel for these prior convictions.[3] However, without deciding whether Petitioner was represented by counsel for the prior convictions, the Magistrate Judge found that because Petitioner did not present this issue to the state PCR court, "this portion of Brown's

---

[3] Respondents cite a previous habeas action filed by Petitioner challenging his 1993 Clarendon County first-degree burglary conviction. The R&R authored by Magistrate Judge Marchant states that Petitioner was represented at trial by Harry Devoe, Esquire.

9

ineffective assistance of trial counsel claim is procedurally barred." (R&R at 9.)

Petitioner objects, asserting that while he was admittedly represented by counsel on the charges in 1993, his counsel was ineffective. As such, he asserts he was "constructively denied counsel" such that this conviction should not have bene a basis for an enhancement. Even assuming Petitioner presented any evidentiary support for this claim - which he does not - the court finds that Petitioner does not object to the Magistrate Judge's ultimate finding that Petitioner is procedurally barred from raising this issue. For this reason, the court adopts the Magistrate Judge's recommendation.

### c.     Failure of trial counsel to file a direct appeal

Next, Petitioner alleges that "appellate counsels[' error] in failing to raise on appeal the ineffective assistance of trial counsel and the due process claims to preserve for appellate review amounts to ineffective assistance of counsel." (Objections at 3.) Petitioner asserts that he "has an absolute right to be represented by counsel on his first appeal of right from his conviction." (Id.) However, Petitioner does not assert and the record does not indicate that Petitioner requested his trial counsel to file a direct appeal of the 1999 guilty pleas.

As discussed above, a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Under the *Strickland* test, Petitioner's right to appeal was only violated if his counsel's failure to advise him of appellate procedures was unreasonable. *Strickland*, 466 U.S. at 687. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example,

because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The Court emphasized that it "employ[ed] the term 'consult' to convey a specific meaning -- advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. "When the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.* at 480. Assuming that the defendant is able to show that counsel had a duty to consult and did not consult, the second part of the *Strickland* test requires the defendant to show prejudice from counsel's deficient performance. In this context, prejudice requires demonstrating a reasonable probability that, but for counsel's deficient performance, the defendant would have appealed. *See id.* at 482-84.

Applying these principles to the case at hand, the court finds Petitioner has not established that his counsel was ineffective for failing to consult with him about his right to appeal. Petitioner presents no evidence that he specifically requested an appeal, and there is no competent evidence that Petitioner desired to consult with counsel about filing a direct appeal. Even assuming counsel erred in failing to consult with Petitioner, Petitioner cannot demonstrate any prejudice from counsel's failure to perfect an appeal as he asserts no non-frivolous issues for appeal. Indeed, considering the potential LWOP sentence Petitioner could have faced at trial and the evidence against him, Petitioner received a highly favorable sentence. As such, the court finds this ground for relief is without merit.

### II.    Ground Two: Coerced Guilty Plea

In his second ground for relief, Petitioner asserts that his 1999 guilty pleas were involuntary

because the State improperly used his prior convictions to coerce him into accepting the plea bargain. This claim was considered by the PCR court under the ineffective assistance of counsel claim. The Magistrate Judge also found that Petitioner's claim that his guilty pleas were involuntary is subsumed by the ineffective assistance of counsel claim, and should be dismissed for the above-stated reasons.

Petitioner objects to the R&R's conclusion as to this ground, but enumerates no specific objection distinct from the objections raised in the above section. Accordingly, for the reasons stated above, the court finds these objections to be without merit.

### III.     *Miranda* Violations

In his habeas petition, Petitioner asserts that his confession to police officers following his 1999 arrest was given without the benefit of *Miranda* warnings and was coerced. This issue was addressed by the PCR court as part of Petitioner's ineffective assistance of counsel claim. The PCR court found as a matter of fact that Petitioner never told his counsel that his confession was coerced. (App. 120.) Further, the PCR court found the testimony of Petitioner and his sister that Petitioner confessed after being tortured at the Hampton County Jail to be not credible. (Id.) Considering these findings, the Magistrate Judge found that, to the extent this claim could be considered a part of Petitioner's Sixth Amendment ineffective assistance of counsel claim, it was "precluded as a result of the PCR court's factual finding."[4] (R&R at 13.) To the extent Petitioner is asserting a separate claim Fifth Amendment cause of action, the Magistrate Judge found it was procedurally

---

[4] The federal habeas statute provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).

barred "because [this claim] was addressed only as ineffective assistance of counsel in state courts." (Id.) For these reasons, the Magistrate Judge recommended that summary judgment be granted on Petitioner's third ground for relief.

Petitioner objects, reasserting his original argument that "it was in error to have his coerced confession introduced against him" and that "he was confused during the plea hearing and that the confusion was induced by his attorney (sic) incompetence." (Objections at 5-6.) Petitioner, however, does not object to the PCR court's factual findings, nor does he present any evidence refuting these findings.

As the Magistrate Judge correctly noted, a state court's determination of a factual issue is presumed to be correct. 28 U.S.C. § 2254(e)(1). Pursuant to the federal habeas statute, "[t]he applicant shall have the burden of rebutting th[is] presumption of correctness by clear and convincing evidence." *Id.* Petitioner has presented no such clear and convincing evidence in this case which rebuts the PCR court's finding. The court is therefore bound by the PCR court's factual finding that Petitioner's confession was not coerced. For this reason, Petitioner has not proven that his counsel was ineffective in failing to object to the use of Petitioner's confession. Accordingly, the court adopts the Magistrate Judge's recommendation and rejects Petitioner's objection.

### IV.    Double Jeopardy

Finally, Petitioner argues for the first time in his habeas petition that his conviction was "obtained by a violation of the protection against double jeopardy." The Magistrate Judge addressed this claim in the R&R:

> Under the Fifth Amendment of the United States Constitution, a person may not be "twice put in jeopardy of life or limb" for the same offense. In general terms, this language has been interpreted to bar prosecution in the following three situations:
>    1.    Where a person would be tried for the same offense after an

13

>              acquittal;
> 2.           Where a person would be tried for the same offense after a
>              conviction; or
> 3.           Where a person would receive more than one punishment for
>              the same offense.
>
> *See Benton v. Maryland*, 395 U.S. 784 (1969) and *North Carolina v. Pearce*, 395 U.S. 711 (1969).
>
> Brown appears to argue that using his prior convictions to enhance his 1999 convictions subjected him to double jeopardy. This argument is without merit. Sentencing under a recidivist statute "is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Gryger v. Burke, 334 U.S. 728, 732 (1948). Further, [because] this claim was not raised in the state courts[, it] is procedurally barred.

(R&R at 14.) Petitioner objects to this portion of the R&R; however, he does not enumerate a specific objection to the Magistrate Judge's analysis. Rather, he reasserts his original argument that "to allow the state a second bite of at the apple, as a conviction, would be a double jeopardy violation, and would be a gross miscarriage of justice and would result in unfair prejudice to the petitioner." (Objections at 6.) Petitioner does not object to the Magistrate Judge's finding that the double jeopardy claim is procedurally barred because it was not raised in the state court.

The court has reviewed the record, the R&R, and Petitioner's objections and finds that the Magistrate Judge accurately addressed this issue. For the reasons stated within the R&R, Petitioner has not stated a viable double jeopardy claim and, in any event, the court is procedurally barred from addressing this issue.

## **CONCLUSION**

It is therefore, **ORDERED**, adopting in full the recommendation of the Magistrate Judge, that Respondents' motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 28, 2007**

## **NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.